Ellen F. Clark and Willard D. Clark (Impleaded with Shelby A. Kingman), v. Eugene Gibbons, Administrator pro tem. of the Estate of Matthew Kingman.

56 357
56 360

1. WITNESSES—*Competency Unaffected by Moral Interests.*—The fact that a witness has a moral interest in the controversy does not bring him within the statutory inhibition against interested parties testifying when the claim is defended against by an administrator. The interest must be a pecuniary one. A moral interest may affect the credibility of a witness but not his competency.

2. SAME—*Evidence to be Taken Most Strongly Against.*—Where a witness testified that he gathered from a conversation he had with his father that he intended to arrange certain matters in his will, but he did not say so in so many words, *it was held* that the evidence should be taken most strongly against the witness as to what his father intended to do in the matter.

**Memorandum.**—Petition in probate for the surrender of certain notes, etc. In the Circuit Court of Peoria County, on appeal from the Probate Court of said county; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Hearing and decree for petitioners; appeal. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

APPELLANTS' BRIEF, WM. T. IRWIN, WM. S. BRACKETT AND W. I. SLEMMONS, ATTORNEYS.

Under Sec. 2, Chap. 51, Rev. Stat. of Illinois, on "Evidence," a party to a civil action, or a person directly interested in the event or result thereof, is not a competent witness where the adverse party sues or defends as executor, administrator, heir, legatee, or devisee of any deceased person (except in certain specified instances not herein in question). Whitmer v. Rucker, 71 Ill. 410.

Persons having claims similar to the one in controversy and depending on the same facts are incompetent witnesses. Pride v. Peters, 1 Root (Conn.) 331.

A witness whose debt would be extinguished by a recovery in the suit is not a competent witness for the plaintiff. Richardson v. Bartlett, 2 B. Mon. (Ky.) 428; see, also, Springdale v. Smith, 33 Ill. 252.

JOHN S. STEVENS and J. A. CAMERON, attorneys for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a petition filed by Shelby A. Kingman in the Probate Court against appellee, administrator *pro tem.* of Matthew Kingman, deceased, praying for an order of court to compel the administrator to surrender to said Shelby A. Kingman a certain promissory note given by him to his father, Matthew Kingman, deceased, in his lifetime, dated January 1, 1876, for $1,543, to be accounted for in the settlement of the estate. The cause was tried by the Probate Court and the prayer of the petition denied, and the petitioner appealed to the Circuit Court. The appearance of appellant's two heirs at law of Matthew Kingman, deceased, was entered in the Circuit Court and they were given leave to defend. On the trial, the Circuit Court ordered the note delivered to the petitioner, and from such order this appeal is taken.

The brother of the petitioner, M. F. Kingman, having a similar claim to the one in controversy against deceased's estate, and depending on the petitioner herein to support it by his testimony, was the only witness to support it, and testified that he and his brother had a conversation with their father in his lifetime, in 1890, to the effect that in consideration of certain services rendered during a series of years in Iowa, in loaning their father's money, he promised them that he would arrange in his will, as witness inferred, that the note should not come against them; that he did not intend the note should ever come up against them, the petitioner and the witness. The witness testified that he and the petitioner had done some of the work, about three fourths, for their father jointly, they were claiming for at the time of the supposed promise. The deceased said he would fix the matter (of the notes) when the time came. The claim the two brothers had against the father was one for services in loaning money in Iowa.

They never kept any account or charge for their services, but from time to time told their father that they ought to have some pay and he said he would pay them. This conversation took place in 1890, and had reference to services running many years back.

It is objected that the witness had no right to testify, on account of the statutory inhibition against interested parties testifying, where the claim is defended against as administrator. We are of the opinion that the witness had no pecuniary interest in the result of the litigation. His interest was a moral one, depending on his expectation of his brother's support in his own claim, and moral bearing the establishment of the petitioner's claim would have on his own.

These considerations would only go to the witness' credibility, not to his competency. According to the testimony of the witness on cross-examination, he gathered from the conversation with his father that he intended to fix the matter in his will, but his father did not say so in so many words. We think the evidence should be taken most strongly against the witness' claim as to what his father agreed to do with him and petitioner in relation to the notes in question, and where the claim rests on inferences it should be decided against petitioner. We think all the evidence and circumstances considered, the petitioner fails to make out a case of absolute agreement on the part of the deceased to satisfy the notes in any way, by will or otherwise. It appears to us that if such had been intended the deceased would have surrendered the notes. But by keeping the notes and saying what he did the deceased simply meant to say he would do what was right in making his will, and that when he came to consider the question of making his will he did not think the petitioner and witness were entitled to have the notes canceled, and he failed to make a will, or failed to provide for the notes. There was no amount of services of which any account was given and no amount was stated. As before said, it appears to us that deceased intended to keep the matter in his own hands, to do as he deemed right

and just in his testamentary disposition of his property, if he made any, and the inferences, in consideration that deceased can not speak, should be more strongly drawn against the petitioner and the witness.

The order of the Circuit Court ordering the surrender of the note in question to the petitioner, Shelby A. Kingman, is reversed and the cause remanded.